**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GUADALUPE CAMPOS CASTRO; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-72716 <br><br> Agency Nos.  A096-229-968 <br> A208-306-698 <br> A208-306-699 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Maria Guadalupe Campos Castro and her two children, natives and citizens

of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for abuse of discretion the BIA's denial of a motion to file an untimely brief.  *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010).  We review de novo claims of due process violations in immigration proceedings.  *Id*. at 1011-12.  We dismiss in part and deny in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' second request for an extension of time to file a brief on appeal, *see* 8 C.F.R. § 1003.3(c)(1) (BIA has discretion to extend time period for filing brief on appeal), and the record demonstrates that the proceedings before the BIA satisfied petitioners' right to due process, *see Zetino*, 622 F.3d at 1013-14.

We lack jurisdiction to consider petitioners' unexhausted past persecution claim.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The agency did not err in determining that petitioners' proposed social

groups were not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they fear in Mexico would be on account of family membership or any other protected ground. *See Zetino*, 622 F.3d at 1016 ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). In light of this disposition, we need not reach petitioners' remaining contentions. *See Simeonov*, 371 F.3d at 538 ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)). Thus, petitioners' asylum and withholding claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**